UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-94-CLC-HBG |
| | ) | |
| LORI F. FLEISHMAN | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the Order [Doc. 2] of referral by the District Judge.

Now before the Court is a Petition to Enforce IRS Summons [Doc. 1]. The Court set a show cause hearing for September 13, 2017. Attorney Kyle Bishop appeared on behalf of the Petitioner. The Respondent did not appear at the hearing. In addition, Angela Keaton, a Revenue Officer with the Internal Revenue Service ("IRS") was in attendance. Accordingly, for the reasons further explained below, the Court **RECOMMENDS** that the Petition to Enforce IRS Summons [**Doc. 1**] be **GRANTED** and that the Motion for Reconsideration and Additional Time [**Doc. 8**] be **DENIED**.

**I.  BACKGROUND**

The Petition [Doc. 1] in this case was filed on March 14, 2017. The Petition states that Revenue Officer Keaton is conducting an investigation for the purpose of determining the correct federal income tax liabilities of the Respondent for taxable periods ending December 31, 2009; December 31, 2010; December 31, 2012; December 31, 2013; December 31, 2014; and December 31, 2015. Officer Keaton issued an IRS administrative summons to the Respondent, directing the

Respondent to appear before Revenue Officer Keaton on June 14, 2016. The summons directed the Respondent to appear and give testimony and produce for examination certain books, papers, records, or other data as described in the summons. The Respondent appeared on June 14, 2016, but failed to comply with the summons as it relates to the tax periods ending December 31, 2009; December 31, 2010; December 31, 2012; and December 31, 2013. The Petition further states that Revenue Officer Keaton is authorized to issue an IRS summons pursuant to 26 U.S.C. § 7602 and Treasury Regulation §§ 301.7602-1 and 301.7602-IT, and IRS Delegation Order No. 25-1. The Petition states that the documents described in the summons relating to tax years 2009, 2010, 2012, and 2013 are not already in the possession of the IRS and that all administrative steps required by the Internal Revenue Code for the issuance of the summons have been followed. In addition, the Petition states that the testimony, books, records, papers, and/or other data sought by the summons may be relevant to the IRS's investigation. The Petition continues that a Justice Department referral is not in effect within the meaning of 26 U.S.C. § 7602(d)(2) with respect to the Respondent for the years under investigation. In support of the Petition, the Petitioner filed Revenue Officer Keaton's Declaration [Doc. 1-2]. The Petition requests that the Court order the Respondent to fully obey the subject summons and appear before Revenue Officer Keaton, or any other proper officer, at such time and place as may be set by Officer Keaton.

The Court issued a show cause order [Doc. 5] on July 25, 2017, ordering the Respondent to appear before the Court on September 12, 2017, to show cause why she should not be compelled to obey the summons. The Court's Order instructed the Respondent to file any defense or opposition to the Petition with the Clerk fourteen (14) days prior to the hearing. The Respondent did not file any opposition to the Petition, nor did she appear at the September 12 show cause hearing. Revenue Officer Keaton filed a Certificate of Service [Doc. 6] stated that she personally

served the Respondent with Docs. 1, 1-1, 1-2, 1-3, 1-4 and the Court's Order [Doc. 5] to show cause on August 2, 2017. During the September 12 hearing, the Petitioner requested that the Court order enforcement of the summons by October 13, 2017, and that the Respondent be ordered to appear on October 13, 2017, at 9:00 a.m., before Officer Keaton to provide testimony.

On September 13, 2017, the Respondent filed a Motion for Reconsideration and Additional Time [Doc. 8]. The Respondent states that she mistakenly calendared the hearing for September 14, 2017, and that she did not learn of the error until after the hearing had taken place. The Respondent requests a minimum of thirty additional days to comply with the summons so that the correct income tax liabilities for taxable years 2009 through 2013 can be determined. The Respondent explains that she has retained a certified public account who has been assisting her with her tax returns. In support of her Motion, the Respondent filed the Affidavit of William Murdaugh, the certified public accountant.

The Petitioner filed a Response [Doc. 9] stating that the Court should deny the Motion for Reconsideration. The Petitioner asserts that because the Respondent's requested relief comports with the relief requested by the Petitioner, the Court should deny the Motion. The Petitioner states that the Motion is procedural deficient and that Respondent did not attend the hearing or respond in writing to the Petition.

## II.  ANALYSIS

As mentioned above, in the Court's Show Cause Order, the Court directed the Respondent to file any objections to the relief requested in the Petition fourteen (14) days prior to the hearing. The Respondent did not file any objections, nor did she attend the hearing. The Respondent explains the reason for not attending the hearing in her Motion, but she did not present any objections to the Petition and states that she is working in conjunction with her certified public

accountant in order to comply with the summons. Further, the Declaration of Revenue Officer Keaton explains that the summons was issued for a legitimate purpose, it seeks information relevant to the purpose of the investigation, the information is not already within the IRS's possession, and that all administrative steps required by the Internal Revenue Code for issuance of summons have been taken. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964). The Respondent has not disputed the statements in Officer Keaton's Declaration. Accordingly, the Court recommends that the Petition [**Doc. 1**] be **GRANTED** and that the Respondent's Motion [**Doc. 8**] be **DENIED**.[1]

## III. CONCLUSION

Accordingly, for the reasons explained below, the Court **RECOMMENDS**[2] that the Petition to Enforce IRS Summons [**Doc. 1**] be **GRANTED** and that the Respondent's Motion for Reconsideration and Additional Time [**Doc. 8**] be **DENIED**. The Court further **RECOMMENDS** as follows:

1. The Respondent be ordered to appear at the IRS offices located at 710 Locus Street, Knoxville, Tennessee, 37902, on **October 13, 2017, at 9:00 a.m.**, before Officer Keaton, or other designee of the IRS, to provide testimony; and

---

[1] The Court observes, however, that the Respondent has requested an additional thirty days to comply with the summons and that the Court has recommended that the Respondent comply with the summons in thirty days from entry of this Report and Recommendation.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

2. The Respondent be ordered to provide all documents sought in the IRS Summons [Doc. 1-1] to Revenue Officer Keaton, or other designee of the IRS, by **9:00 a.m. on October 13, 2017**.

>Respectfully submitted,
>
>_____
>United States Magistrate Judge